# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DOUGLAS BAXTER, JR., | CV F   05-00209 REC DLB HC |
| Petitioner, | ORDER DISMISSING ACTION AS "MIXED PETITION" AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| v. | |
| WARDEN RUNNELS, | [Docs, 7, 9] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on February 15, 2005. Pursuant to the Court's order, Petitioner filed an amended petition on March 11, 2005. On March 22, 2005, the Magistrate Judge assigned to this action issued a Report and Recommendation recommending that the instant petition be dismissed as a mixed petition; however, prior to dismissal the Court recommended that Petitioner be granted the opportunity to withdraw the unexhausted claims. On May 18, 2005, the undersigned adopted the Report and Recommendation and granted Petitioner thirty days to withdraw the unexhausted claims. To date, Petitioner has not responded to the Court's order. Accordingly, dismissal is warranted.

As stated by the Magistrate Judge, Petitioner indicates that only Ground Three was presented to the California Supreme Court, and Grounds One and Two remain unexhausted. The Court has previously granted Petitioner the opportunity to withdraw the unexhausted claims to

1 which he has failed to do, thus the action must be dismissed without prejudice.[1]

2     Accordingly, it is HEREBY ORDERED that:

3     1.    The instant petition is DISMISSED, without prejudice; and

4     2.    The Clerk of Court is directed to enter judgment thus terminating this action.

5     IT IS SO ORDERED.

6 **Dated:  July 14, 2005**         /s/ Robert E. Coyle
668554     UNITED STATES DISTRICT JUDGE

---

[1] The Court must dismiss such a petition without prejudice to give Petitioner an opportunity to exhaust the claim if he can do so. See Pliler v. Ford, 121 S.Ct. 2441, 2444 (2004); Rose, 455 U.S. at 521-22.
    However, Petitioner should be provided with an opportunity to withdraw the unexhausted claim as an alternative to dismissal. Smith v. Ratelle, 323 F.3d 813, 816-819 (9th Cir.2003); Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir.2000) ("district courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal").